# EXHIBIT 1

ELECTRONICALLY FILED
3/19/2019 11:00 AM
02-CV-2019-900715.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

GARY BOSWELL, as Personal      )
Representative of the Estate of      )
RICHARD BOSWELL, deceased.      )
      Plaintiff,      )
            )
v.      ) CASE NO.: _____
            )
            ) **TRIAL BY JURY DEMANDED**
            )
RICHARD EUGENE DEMOUEY, JR.,    )
BRAND ENERGY AND INFRASTRUCTURE SERVICES; and other entities who may be individuals or legal entities whose true names and identities are unknown to the Plaintiff at this time, who may be legally responsible for the claims set forth herein, and who may be added by amendment by the Plaintiff when the identity is accurately ascertained by further discovery; until that time, the Plaintiff will designate these parties in accordance with Alabama Rules of Civil Procedure 9(h).  The word entity as used herein is intended to refer to and include all legal entities, including individual persons, any and all forms of partnerships, any and all types of corporations and unincorporated associations.  The symbol by which these party Defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbol applies to more than one entity.  In the present action, the party Defendants which the Plaintiff will include by descriptive characterization, at this time, are as follows:  Fictitious Defendants 1, 2, 3, 4, 5: those entities who negligently entrusted a motor vehicle to RICHARD EUGENE DEMOUEY, JR. on the occasion made the basis of this action;  Fictitious Defendants 6, 7, 8, 9, 10: those entities acting individually and/or by and through their agents, servants or employees whose negligent, willful and/or wanton acts proximately caused or contributed to the injuries, damages, and death suffered by Plaintiff's Decedent on the occasion made the basis of this action;  Fictitious Defendants 11, 12, 13, 14, 15: those entities who were driving and/or operating the motor vehicle involved on the occasion made the basis of this action; Fictitious Defendants 16, 17, 18, 19, 20: those entities who were the owners of the motor vehicle involved in the accident with the Plaintiff's Decedent  on the occasion made the basis of this action;  Fictitious Defendants 21, 22, 23, 24, 25: those entities on whose behalf the motor vehicle involved in the accident with the Plaintiff's Decedent on the occasion made the basis of this action was being driven and/or operated;  Fictitious Defendants 26, 27, 28, 29, 30: those entities who were responsible for the care, maintenance, condition and/or state or repair of the Defendants' motor vehicle involved in the collision with the Plaintiff's Decedent on the occasion made the basis of this Complaint;  Fictitious Defendants 31, 32, 33, 34, 35:  those entities for whom RICHARD EUGENE DEMOUEY, JR. was providing services at the time of the accident on the occasion made the basis of this Complaint; Fictitious Defendant 36, 37, 38, 39, 40: those entities who were the master, principal or employer of RICHARD EUGENE DEMOUEY, JR. at the time of the accident on the occasion made the basis of this Complaint; Fictitious Defendants 41, 42, 43, 44, 45:  those entities who otherwise were responsible for the injuries, damages, and death suffered by the Plaintiff's Decedent as set out in the Complaint.
            )

**Defendants.**                                   )

## COMPLAINT

COMES NOW the Plaintiff, GARY BOSWELL, as Personal Representative of the Estate of RICHARD BOSWELL, deceased in the above-styled action, and as basis for the relief hereinafter requested states as follows:

## STATEMENT OF THE PARTIES

1. Plaintiff, GARY BOSWELL, was appointed as Personal Representative of the Estate of his father, RICHARD BOSWELL by the Probate Judge of Jackson County, Mississippi.

2. That the Estate of RICHARD BOSWELL has been distributed in its entirety, but remains open for the limited purpose of pursuing damages for automobile collision which caused his death.

3. The decedent, RICHARD BOSWELL, was at all material times a resident of Jackson County, Mississippi, and owned property in Mobile County, Alabama.

4. The decedent, RICHARD BOSWELL, died as a result of a motor vehicle collision on April 22, 2017, in Mobile County, Alabama.

5. Upon information and belief, Defendant, RICHARD EUGENE DEMOUEY, JR., was at all times pertinent to this action, a resident of Mobile County, Alabama.

6. Upon information and belief, Defendant, RICHARD EUGENE DEMOUEY, JR., was at all times pertinent to this action, an agent, servant and/or employee of Defendant, BRAND ENERGY AND INFRASTRUCTURE SERVICES, a Delaware Foreign Corporation, acting within the line and scope of his employment as such. Said Defendant is subject to the jurisdiction of this Court because it transacts business within this State and Circuit and has committed a tort within this State and Circuit as alleged herein.

7. The accident which forms the basis of this lawsuit occurred in Mobile County, Alabama on or about April 22, 2017.

8. This is an action for damages in excess of the minimal jurisdictional limits of this Court, exclusive of costs

## STATEMENT OF THE FACTS

9. Plaintiff hereby adopts and incorporates by reference the foregoing as if stated herein again in full.

10. On or about April 22, 2017, Defendant, RICHARD EUGENE DEMOUEY, JR. was travelling west on Alabama 188 in Mobile County, Alabama.

11. At said time and place, decedent, RICHARD BOSWELL was standing next to the roadway when Defendant, RICHARD EUGENE DEMOUEY, JR., became distracted with his radio and struck the decedent.

12. At said time and place, decedent, RICHARD BOSWELL died at the scene from the injuries he sustained.

## COUNT ONE

13. Plaintiff hereby adopts and incorporates by reference the foregoing as if stated herein again in full.

14. On or about April 22, 2017, on Alabama 188, in Mobile County, Alabama, Defendant, RICHARD EUGENE DEMOUEY, JR., willfully, wantonly, recklessly and/or negligently operated a motor vehicle so as to cause it to collide with the Plaintiff's Decedent, RICHARD BOSWELL, which resulted in his death.

15. Plaintiff claims damages under the Alabama Wrongful Death Act, Alabama Code, 1975, § 6-5-410, against Defendants, for their wrongful acts, omissions, and/or negligence which proximately caused the Plaintiff's Decedent's death.


**WHEREFORE**, Plaintiff demands the cost of this action and judgment against the Defendant for damages under the Alabama Wrongful Death Statute, in an amount to be determined by a jury, plus costs of this action.

## COUNT TWO

16. Plaintiff hereby adopts and incorporates by reference the foregoing as if stated herein again in full.

17. On or about April 22, 2017 on Alabama 188, in Mobile County, Alabama, Defendant, RICHARD EUGENE DEMOUEY, JR., was acting in the line and scope of his employment with the Defendants when his motor vehicle collided with the Plaintiff's Decedent, RICHARD BOSWELL, thereby resulting in his death.

18. Plaintiff claims damages under the Alabama Wrongful Death Act, Alabama Code, 1975, § 6-5-410, against Defendants, for their wrongful acts, omissions, and/or negligence which proximately caused the Plaintiff's Decedent's death.


**WHEREFORE**, Plaintiff demands the cost of this action and judgment against the Defendant for damages under the Alabama Wrongful Death Statute, in an amount to be determined by a jury, plus costs of this action.

## COUNT THREE

19. Plaintiff restates and incorporates by reference every material allegation made in the above paragraphs.

20. The Named and Fictitious Defendants did negligently, recklessly and/or wantonly hire and place employees with mental, physical and/or significant health issues as drivers on public roadways.

21. As a direct and proximate result of Defendants' negligent, reckless and/or wanton conduct, Plaintiff has been caused to suffer damages more fully described herein below.

**WHEREFORE**, Plaintiff demands the cost of this action and judgment against the Defendant for damages under the Alabama Wrongful Death Statute, in an amount to be determined by a jury, plus costs of this action.

## COUNT FOUR

22. Plaintiff restates and incorporates by reference every material allegation made in the above paragraphs.

23. The Named and Fictitious Defendants did negligently, recklessly and/or wantonly retain and supervise Defendant, RICHARD EUGENE DEMOUEY, JR., during his employment with BRAND ENERGY AND INFRASTRUCTURE SERVICES and specifically on the date of the motor vehicle collision made basis of this Complaint.

24. As a direct and proximate result of Defendants' negligent, reckless and/or wanton conduct, Plaintiff has been caused to suffer damages more fully described herein below.

**WHEREFORE**, Plaintiff demands the cost of this action and judgment against the Defendant for damages under the Alabama Wrongful Death Statute, in an amount to be determined by a jury, plus costs of this action.

## COUNT FIVE

25. Plaintiff hereby adopts and incorporates by reference the foregoing as if stated herein again in full.

26. The named Defendants and the Fictitious Defendants 1, 2, 3, 4, and 5 are those entities who willfully, wantonly, recklessly and/or negligently entrusted their motor vehicle to Defendant, RICHARD EUGENE DEMOUEY, JR., on the occasion made the basis of this claim.

27. Plaintiff claims damages under the Alabama Wrongful Death Act,  Alabama Code, 1975, § 6-5-410, against Defendants, for their wrongful acts, omissions, and/or negligence which proximately caused the Plaintiff's Decedent's death.

**WHEREFORE**, Plaintiff demands the cost of this action and judgment against the Defendant for damages under the Alabama Wrongful Death Statute, in an amount to be determined by a jury, plus costs of this action.

## COUNT SIX

28. Plaintiff hereby adopts and incorporated by reference the foregoing as if stated herein again in full.

29. The named Defendants and  Fictitious Defendants 6, 7, 8, 9, 10 are those entities acting individually and/or by and through their agents, servants or employees whose negligent, willful and/or wanton acts proximately caused or contributed to the injuries, damages, and death  suffered by the Plaintiff's Decedent on the occasion made the basis of this action.

30. Plaintiff claims damages under the Alabama Wrongful Death Act,  <u>Alabama Code, 1975</u>, § 6-5-410, against Defendants, for their wrongful acts, omissions, and/or negligence which proximately caused the Plaintiff's Decedent's death.


**WHEREFORE**, Plaintiff demands the cost of this action and judgment against the Defendant for damages under the Alabama Wrongful Death Statute, in an amount to be determined by a jury, plus costs of this action.


<u>**COUNT SEVEN**</u>

31. Plaintiff hereby adopts and incorporates by reference the foregoing as if stated herein again in full.

32. The named Defendant and Fictitious Defendants 11, 12, 13, 14, 15 are those entities who were driving and/or operating the commercial vehicle involved on the occasion made the basis of this action.

33. Plaintiff claims damages under the Alabama Wrongful Death Act,  <u>Alabama Code, 1975</u>, § 6-5-410, against Defendants, for their wrongful acts, omissions, and/or negligence which proximately caused the Plaintiff's Decedent's death.

**WHEREFORE**, Plaintiff demands the cost of this action and judgment against the Defendant for damages under the Alabama Wrongful Death Statute, in an amount to be determined by a jury, plus costs of this action.

## COUNT EIGHT

34. Plaintiff hereby adopts and incorporates by reference the foregoing as if stated herein again in full.

35. The named Defendant and Fictitious Defendants 16, 17, 18, 19, 20 are those entities who were the owners of the motor vehicle involved in the accident with the Plaintiff's Decedent on the occasion made the basis of this action.

36. Plaintiff claims damages under the Alabama Wrongful Death Act, <u>Alabama Code, 1975</u>**, §** 6-5-410, against Defendants, for their wrongful acts, omissions, and/or negligence which proximately caused the Plaintiff's Decedent's death.


**WHEREFORE**, Plaintiff demands the cost of this action and judgment against the Defendant for damages under the Alabama Wrongful Death Statute, in an amount to be determined by a jury, plus costs of this action.


## COUNT NINE

37. Plaintiff hereby adopts and incorporates by reference the foregoing as if stated herein again in full.

38. The named Defendants and Fictitious Defendants 21, 22, 23, 24, 25 are those entities on whose behalf the motor vehicle involved in the accident with the Plaintiff's Decedent on the occasion made the basis of this action was being driven or operated.

39. Plaintiff claims damages under the Alabama Wrongful Death Act, <u>Alabama Code, 1975,</u> §
6-5-410, against Defendants, for their wrongful acts, omissions, and/or negligence which
proximately caused the Plaintiff's Decedent's death.


**WHEREFORE**, Plaintiff demands the cost of this action and judgment against the
Defendant for damages under the Alabama Wrongful Death Statute, in an amount to be
determined by a jury, plus costs of this action.


## <u>COUNT TEN</u>

40. Plaintiff hereby adopts and incorporates by reference the foregoing as if stated herein again
in full.

41. The named Defendants and Fictitious Defendants 26, 27, 28, 29 and 30 are those entities
who are responsible for the care, maintenance, condition or state of repair of the Defendant's
motor vehicle involved in the collision with the Plaintiff's Decedent on the occasion made
the basis of this action and who willfully, wantonly, recklessly and/or negligently performed
or failed to perform necessary repair or maintenance work on the commercial vehicle,
thereby causing the vehicle to be in an unsafe condition.

42. Plaintiff claims damages under the Alabama Wrongful Death Act, <u>Alabama Code, 1975,</u> §
6-5-410, against Defendants, for their wrongful acts, omissions, and/or negligence which
proximately caused the Plaintiff's Decedent's death.

**WHEREFORE**, Plaintiff demands the cost of this action and judgment against the Defendant for damages under the Alabama Wrongful Death Statute, in an amount to be determined by a jury, plus costs of this action.

## COUNT ELEVEN

43. Plaintiff hereby adopts and incorporates by reference the foregoing as if stated herein again in full.

44. The named Defendant and Fictitious Defendants 31, 32, 33, 34, 35 are those entities for whom Defendant, RICHARD EUGENE DEMOUEY, JR., was providing services at the time of the accident on the occasion made the basis of this Complaint.

45. Plaintiff claims damages under the Alabama Wrongful Death Act, Alabama Code, 1975, § 6-5-410, against Defendants, for their wrongful acts, omissions, and/or negligence which proximately caused the Plaintiff's Decedent's death.

**WHEREFORE**, Plaintiff demands the cost of this action and judgment against the Defendant for damages under the Alabama Wrongful Death Statute, in an amount to be determined by a jury, plus costs of this action.

## COUNT TWELVE

46. Plaintiff hereby adopts and incorporates by reference the foregoing as if stated herein again in full.

47. The named Defendants and Fictitious Defendants 36, 37, 38, 39, and 40 are those entities who were the master, principal and/or employer of Defendant, RICHARD EUGENE

DEMOUEY, JR., at the time of the accident on the occasion made the basis of this

Complaint.

48. Plaintiff claims damages under the Alabama Wrongful Death Act, <u>Alabama Code, 1975</u>, §

6-5-410, against Defendants, for their wrongful acts, omissions, and/or negligence which

proximately caused the Plaintiff's Decedent's death.

**WHEREFORE**, Plaintiff demands the cost of this action and judgment against the Defendant for damages under the Alabama Wrongful Death Statute, in an amount to be determined by a jury, plus costs of this action.

## <u>COUNT THIRTEEN</u>

49. Plaintiff hereby adopts and incorporates by reference the foregoing as if stated herein

again in full.

50. The names Defendants and Fictitious Defendants 46, 47, 48, 49 and 50 are those entities

who were otherwise responsible for the injuries, damages and death suffered by the

Plaintiff's Decedent on the occasion made the basis of this claim.

51. Plaintiff claims damages under the Alabama Wrongful Death Act, <u>Alabama Code, 1975</u>, §

6-5-410, against Defendants, for their wrongful acts, omissions, and/or negligence which

proximately caused the Plaintiff's Decedent's death.

**WHEREFORE**, Plaintiff demands the cost of this action and judgment against the Defendant for damages under the Alabama Wrongful Death Statute, in an amount to be determined by a jury, plus costs of this action.

Respectfully submitted this the 13th day of March, 2019.

**JACOBY & MEYERS LAW FIRM**

*/s/ Jordan Reeves Brooks*
**JORDAN REEVES BROOKS (BRO304)**
**WILLIAM GANTT PIERCE (PIE029)**
*Attorneys for the Plaintiffs*
300 N Foster Street
Dothan, AL 36303
(334) 794-8000- telephone
(334) 699-6885- facsimile
jordan.reeves@jacobymeyers.com
gantt.pierce@jacobymeyers.com

**SERVE DEFENDANT BY SHERIFF AT:**

RICHARD EUGENE DEMOUEY, JR.
10580 Marler Dr.
Grand Bay, AL 36541

**SERVE DEFENDANT BY CERTIFIED MAIL AT:**

BRAND ENERGY AND INFRASTRUCTURE SERVICES
C/O C T CORPORATION SYSTEM
2 NORTH JACKSON ST., SUITE 605
MONTGOMERY, AL 36104

*/s/ Jordan Reeves Brooks*
**Of Counsel**

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>02-CV-2019-900715.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### GARY BOSWELL V. RICHARD EUGENE DEMOUEY JR. ET AL

**NOTICE TO:** BRAND ENERGY AND INFRASTRUCTURE SERVICES, 2 NORTH JACKSON ST., SUITE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JORDAN REEVES BROOKS

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 300 NORTH FOSTER STREET, DOTHAN, AL 36303

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of GARY BOSWELL pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 3/13/2019 11:01:39 AM | /s/ JOJO SCHWARZAUER | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ JORDAN REEVES BROOKS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*        *(Name of County)*

Alabama on _____.

*(Date)*

_____        _____

*(Type of Process Server)*        *(Server's Signature)*        *(Address of Server)*

_____

*(Server's Printed Name)*        *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2019-900715.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**
**GARY BOSWELL V. RICHARD EUGENE DEMOUEY JR. ET AL**

**NOTICE TO:** RICHARD EUGENE DEMOUEY JR., 10580 MARLER DR, GRAND BAY, AL 36541
<em>(Name and Address of Defendant)</em>

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JORDAN REEVES BROOKS
<em>(Name(s) of Attorney(s))</em>

WHOSE ADDRESS(ES) IS/ARE: 300 NORTH FOSTER STREET, DOTHAN, AL 36303
<em>(Address(es) of Plaintiff(s) or Attorney(s))</em>

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.
<em>(Name(s)]</em>

3/13/2019 11:01:39 AM          /s/ JOJO SCHWARZAUER          By: _____
<em>(Date)</em>                              <em>(Signature of Clerk)</em>                     <em>(Name)</em>

☐ Certified Mail is hereby requested. _____
<em>(Plaintiff's/Attorney's Signature)</em>

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.
<em>(Date)</em>

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
<em>(Name of Person Served)</em>                    <em>(Name of County)</em>

Alabama on _____.
<em>(Date)</em>

_____          _____          _____
<em>(Type of Process Server)</em>     <em>(Server's Signature)</em>          <em>(Address of Server)</em>

_____          _____
<em>(Server's Printed Name)</em>          <em>(Phone Number of Server)</em>

Revised 1-1-04; 4-1-99; 11-1-99

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

|                                         | *  |                              |
|                                         | *  |                              |
|                                         | *  |                              |
| Plaintiff(s)                            | *  |                              |
| vs.                                     | *  | CIVIL ACTION NO. _____ |
|                                         | *  | DATE COMPLAINT FILED _____ |
|                                         | *  |                              |
|                                         | *  |                              |
| Defendant(s)                            | *  |                              |

## ASSIGNMENT TO EXPEDIATED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

### OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial. A motion filed later than the aforesaid 40 days will not be considered by the Court. Oral argument may be requested on an exclusion motion. If a cause is excluded from the system by the Court, a discovery schedule will be set by the Court after conference with the parties. If a case is so excluded the general pre-trial portion of this order will remain in effect unless specifically altered by the Court.

### DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing the Motion to Set and Certificate of Readiness requests an additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time. Notwithstanding the foregoing, for good cause shown, the Court may permit, or the parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

### MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which shall be filed not later than 270 days after the filing of the complaint. If such a motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed" on a disposition docket as near as possible to the 300th day and send notice of such to all parties. If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available of in the clerk's office and will contain the following information:

(1)    The date the complaint was filed;

(2)     That the issues in the case have been defined and joined;

(3)     That all discovery has been completed or will be completed within 60 days after the filing of the Certificate of Readiness;

(4)     That a jury trial has or has not been demanded;

(5)     The expected length of the trial expressed in hours and/or days;

(6)     A brief description of the plaintiff's claim;

(7)     The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8)     That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9)     That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10)    That the movant certifies that he/she has read the pre-trial order, that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reasons therefore. Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court.

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible. Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority. Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form.)

NOTIFICATION OF SETTLEMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of to status or state of the case (discovery stage, active calendar or trial calendar):

GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1.    EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE, GENERALLY

a.     Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 says prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

b.     Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

c.     Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2.    DOCTOR, HOSPITAL AND MEDICAL RECORDS

a.     If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.     Any such bills not timely exhibited to the other parties will not be admitted in evidence at trial unless the ends of justice so require.

c.     The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

3.    DAMAGES

a.     All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial.  Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b.     Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

4.    AGENCY-TIME AND PLACE-DUTY

a.     Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial.  The objections shall include the correct name and entity and/or the grounds relied on.

5.    EXPERTS

a.    Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.    Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c.    Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

d.    Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

6.    JURY INSTRUCTIONS

If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

7.    JURY SELECTION

Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

8.    DUTY TO SUPPLEMENT DISCOVERY

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

9.    MOTIONS GENERALLY

If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

10.    CONFLICTS

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the _____ day of _____

_____
Presiding Judge, John R. Lockett

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>02-CV-2019-900715.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### GARY BOSWELL V. RICHARD EUGENE DEMOUEY JR. ET AL

**NOTICE TO:** BRAND ENERGY AND INFRASTRUCTURE SERVICES, 2 NORTH JACKSON ST., SUITE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JORDAN REEVES BROOKS

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 300 NORTH FOSTER STREET, DOTHAN, AL 36303

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of GARY BOSWELL

pursuant to the Alabama Rules of the Civil Procedure. *[Name(s)]*

| 3/13/2019 11:01:39 AM | /s/ JOJO SCHWARZAUER | By: JOD |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

Jojo Schwarzauer, Circuit Clerk

☑ Certified Mail is hereby requested.       /s/ JORDAN REEVES BROOKS COUNTY-CIVIL DIVISION

*(Plaintiff's/Attorney's Signature)* Mobile Government Plaza, Room C936

205 Government Street

### RETURN ON SERVICE Mobile, Alabama 36644-2936

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

_____ in _____ County,

*(Name of Person Served)*                                              *(Name of County)*

Alabama on _____

*(Date)*

_____       _____

*(Type of Process Server)*       *(Server's Signature)*

_____

*(Server's Printed Name)*

02-CV-2019-

GARY BOSWELL V. RICHARD EU

C001 - GARY BOSWELL            v.

*(Plaintiff)*

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $          Postmark
☐ Adult Signature Required           $           Here
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Sent To
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions



AlaFile E-Notice

02-CV-2019-900715.00

Judge: JOHN R LOCKETT

To:  BRAND ENERGY AND INFRASTRUCTURE SERVICES (PRO SE)
2 NORTH JACKSON ST.,
SUITE 605
MONTGOMERY, AL, 36104-0000

# NOTICE OF NO SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

GARY BOSWELL V. RICHARD EUGENE DEMOUEY JR. ET AL
02-CV-2019-900715.00

The following matter was not served on 3/19/2019

D001 DEMOUEY RICHARD EUGENE JR.

Corresponding To

PARTY MOVED

03/15/2019 11:34 - DEMOUY JR. MOVED WOOOD RES^

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



# Mobile County Sheriff's Office

## CV  2019  900715. 00

## GARY BOSWELL VS RICHARD EUGENE DEMOUEY JR. ET AL

## SUMMONS-COMPLAINT

## DEMOUEY JR., RICHARD EUGENE (D001)

## 10580 MARLER DR GRAND BAY, AL 36541

Due By:

Date Served:

Service Attempt:        03/15/2019

Action:      [X] Service Attempt      [ ] Paper Served      [ ] Drop Deputized

No Contact:   [ ] Left Card      [ ] Other (see notes)

Not Found:    [ ] Moved - New Residence    [X] Moved - Unknown Location    [ ] Deceased    [ ] Vacant Residence / Lot

[ ] Not Employed    [ ] NIT (Not in Territory)    [ ] RWA (Recalled W/O Action)    [ ] CTO (Come to Office)

[ ] Other (see notes)    [ ] No Property Found    [ ] Address Does Not Exist

[ ] Subject Unknown at this Address    [ ] Not Found After Diligent Search

[ ] Not Found-Too Late For Service    [ ] Not Found-Deputy Not Allowed on Property

Served To:                                   Location Served:    [ ] Listed    [ ] Other

Deputized Person:                                   Location:

Notes:

03/15/2019 11:34 - DEMOUY JR. MOVED WOOOD RES

[ ] Avoiding Service    [ ] Deputized Person    [ ] Posted on Property    [ ] Executed    [ ] Refused Service

RETURNED 03/19/2019
Not Found in My County After Diligent Search and inquiry.

By: _____        D.S. Copy mailed to defendant on    _____

BRUNSON , PHILLIP MATTHEW

MCSO Civil Division
510 S. Royal St.
Mobile, AL 36603
(251) 574-2423

Exporter



AlaFile E-Notice

02-CV-2019-900715.00

Judge: JOHN R LOCKETT

To:   BROOKS JORDAN REEVES
      Jordan.Reeves@jacobymeyers.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

GARY BOSWELL V. RICHARD EUGENE DEMOUEY JR. ET AL
02-CV-2019-900715.00

The following matter was served on 3/18/2019

D002 BRAND ENERGY AND INFRASTRUCTURE SERVICES
Corresponding To
CERTIFIED MAIL

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

DOL

1. Article Addressed to:

BRAND ENERGY AND INFRASTRUCTURE SERVICES

2 NORTH JACKSON ST.,
SUITE 605

MONTGOMERY, AL 36104

9590 9402 4614 8323 3233 35

02-CV-2019-000715

2. Article Number *(Transfer from service label)*

7017 2620 0000 1454 8353

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _____   ☐ Agent
                          ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**United States Postal Service**

9590 9402 4634 8323 3233 35



USPS TRACKING #

LA. MOBILE
CERTIFY TH...
...WAS FILED

MAR 21   AM 11: 17

20...

...COURT...

* Sender: Please print your name, address, and ZIP+4® in this box*

Jo Jo Schwarzauer, Circuit Clerk
MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza, Room C936
205 Government Street

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10